IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

STEPHON WOODS, #149 299          *

     Plaintiff,                    *

     v.                            *          2:08-CV-280-MHT
                                       (WO)

BULLOCK DENTAL, *et al.*,         *

     Defendants.                   *

_____

**ORDER**

     This case is presently pending before the court on a complaint filed by Stephon Woods, an inmate incarcerated in the Bullock Correctional Facility.  The undersigned finds from a review of the complaint that it consists  merely of general conclusions of constitutional violations and fails to identify factual allegations material to specific counts lodged against the named defendant with respect to any violations of Plaintiff's constitutional rights.

     "This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, *see Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364-366-67 (11th Cir. 1996), and is the type of complaint that [has been] criticized time and again." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Accordingly, the court deems it appropriate to require Plaintiff to amend his complaint to re-plead a complaint that respects the requirements of Rule 8, F.R.Civ.P.,  and the heightened pleading requirement for such cases as well as to correct the deficiencies noted herein.

Accordingly, it is

ORDERED that on or before **May 21, 2008** Plaintiff shall file an amended complaint on a form for use in filing a 42 U.S.C. § 1983 complaint. *See* Local Rule 9.1 (requiring *pro se* litigants to utilize court's forms). *The amended complaint filed in compliance with this order shall supersede the original complaint.* This means that Plaintiff shall no longer rely on the original complaint and this case will proceed only on those claims raised and against the defendant(s) named in the amended complaint filed in accordance with this order.

It is further ORDERED that Plaintiff's amended complaint shall:

1. Specifically identify who the named defendant(s) is;

2. Identify specific claims relative to **actions taken against Plaintiff** (<u>not</u> other inmates) by the named defendant(s) and list these claims in separate counts;

3. Describe with clarity those factual allegations that are material to each specific count against the named defendant(s); and

4. Describe how each named defendant violated **Plaintiff's** constitutional rights.

Plaintiff is hereby advised that the amendment to his complaint must set forth short and plain statements showing why he is entitled to relief and be specific enough to put the defendant(s) on notice of how his/her conduct allegedly violated Plaintiffs' constitutional rights and should contain only claims relative to actions taken against him by the named defendant(s). Each allegation in the pleading should be simple, concise and direct. *See* Rule 8, *Federal Rules of Civil Procedure*. Plaintiff is further advised that his failure to timely and properly comply with the directives contained in this order will result in a Recommendation

that this action be dismissed.

Done, this 6th day of May 2008.


  /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE